**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DeANGELO AVERY DOBBS,**

     **Plaintiff,**

     **v.**                            **CASE NO.  22-3163-JWL-JPO**

**JESSE NOLL, et al.,**

     **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff DeAngelo Avery Dobbs is hereby required to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff is onfined at the Atchison County Jail ("ACJ") in Atchison, Kansas.  The plaintiff proceeds *pro se,* and the Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $40.50, which is due by September 26, 2022.  (Doc. 4.)

Plaintiff alleges in the Complaint (Doc. 1) that he was sprayed with pepper spray on March 27, 2020, then returned to his cell with the water turned off for two days.  He was not allowed to shower until a day after he was sprayed, and he was not checked by medical staff.  He further states that he was placed on a 45-day lockdown with loss of privileges without receiving any kind of write-up or hearing.  Plaintiff asserts claims for excessive force, cruel and unusual punishment, and violation of his due process rights.

1

Plaintiff names as defendants Jesse Noll and Veronica Wood, both correctional officers at the ACJ.  He seeks relief in the form of compensatory damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

### A.  *Failure to Allege Personal Participation of Defendants*

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

This action is subject to dismissal because Plaintiff fails to allege facts showing the personal participation of each defendant in the alleged constitutional violations.  Plaintiff's Complaint does not mention either defendant in the description of each alleged violation, making it "impossible for any of these individuals" as well as the Court, "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).  The Supreme Court has criticized complaints that "mentioned no specific time, place, or person involved" in the alleged violations.  *Twombly*, 550 U.S. at 565, n.10. Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See id*.

The Court concludes that Plaintiff fails to state a claim in his Complaint because he does not support each claim by naming an individual defendant or defendants as directly involved in each scenario and describing the acts or inactions of that person which allegedly violated his constitutional rights.

## B.   *Failure to State a Claim for Excessive Force*

Courts generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause. *Cf. Whitley v. Albers*, 475 U.S. 312, 320-321 (1986); *Sampley v. Ruettgers*, 704 F.2d 491, 494-496 (10th Cir. 1983).[1] Plaintiff's allegation that he was sprayed with pepper spray fails, without more, to state a claim of violation of the United States Constitution.  Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); *Smith v. Iron County*, 692 F.2d 685 (10th Cir. 1982) (A prison guard's use of force against a prisoner is not always a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 831 (10th Cir. 1984) (While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); *see also George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980) ("A single unauthorized assault by a guard does not constitute cruel and unusual

---

[1]      In *Sampley*, the Tenth Circuit instructed:

A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard.  First, "wanton" requires that the guard have intended to harm the inmate.  Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline.  Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.

*Id.*

punishment."); s*ee DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (holding that prison guard's "simple act of shoving" inmate into a door frame was not an Eighth Amendment violation.); *Suits v. Lynch*, 437 F. Supp. 38, 40 (D. Kan. 1977).  As the United States Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

*Baker v. McCollan*, 443 U.S. 137, 146 (1979).

"[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind."  *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley*, 475 U.S. at 320–21).

Plaintiff's claim of excessive force is subject to dismissal because Plaintiff fails to allege sufficient facts in support of this claim.  He offers no description of events leading up to the spraying, no description of the use of force itself, and no description of the effect on him, other than that he was sprayed and the spray got in his eyes.  "Without allegations explaining the context surrounding the use of force, the [Court] [can] not conclude that the use of pepper spray was excessive under the circumstances."  *Toney v. Harrod*, 372 F. Supp. 3d 1156, 1163 (D. Kan. 2019) (citing *Gargan v. Gabriel*, 509 F. App'x 920 (10th Cir. 2002)).  Unless Plaintiff can allege additional facts, his allegations fail to implicate constitutional concerns.

### C. *Failure to State a Claim based on Placement in Administrative Segregation*

Plaintiff claims that he should have received some kind of process before being placed in administrative segregation with a loss of privileges.  An inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or place of confinement.  *See Wilkinson v. Austin*, 545 U.S. 209, 221–222 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Montayne*, 427 U.S. at 243; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  Indeed, inmates have "no legitimate statutory or constitutional entitlement" even if the classification would cause that inmate to suffer a "grievous loss."  *Id.*  Instead, the custody classification of prisoners is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."  *Meachum*, 427 U.S. at 225.

Thus, an inmate's placement in administrative segregation is a classification matter that is purely within the discretion of prison officials, and generally not reviewable in federal court.  *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).  Segregation is not limited to instances of punishment but may be imposed for administrative purposes.  Administrative segregation implicates constitutional due process only if the confinement is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

Plaintiff's claim regarding his security classification is subject to dismissal for failure to state a claim.  Plaintiff complains about his transfer to administrative segregation.  He alleges that he was placed in segregation and that he never received a "write-up" or notice.  These allegations, standing alone, do not present a federal constitutional violation.

Plaintiff does not allege that he forfeited earned good time credit. Thus, he was not entitled to a "write-up" and hearing prior to his placement. Moreover, Plaintiff does not name a particular defendant as the person who actually ordered his segregation on a particular date and describe that person's wrongful acts.

Plaintiff's claim that he was segregated without a hearing, standing alone, does not state a federal constitutional violation because he is not entitled to a particular degree of liberty in prison. *Sandin v. Conner*, 515 U.S. 472 (1995); *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (There is no right independently protected under the Due Process Clause to remain in the general prison population.). Plaintiff has not sufficiently described such extreme conditions or restrictions, dates of duration, and adverse impacts to show they were atypical and significant deprivations warranting due process protections.

### D. Failure to State a Conditions of Confinement Claim

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).[2] The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to

---

[2]    While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment, the plaintiff has to establish "deliberate indifference."  The deliberate indifference standard includes both an objective and subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005).  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304.  The objective component is met only if the condition complained of is "sufficiently serious."  *Farmer*, 511 U.S. at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind.  *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (Deliberate indifference "requires both knowledge and disregard of possible risks.").  It is not enough to establish that the official should have known of the risk of harm.  *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered."  *Despain*, 264 F.3d at 974 (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).  "While no single factor controls . . . the length of exposure to the conditions is often of prime importance."  *Id.*; *Barney*, 143 F.3d 1311.  As the severity of the conditions to which

an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations. . . may meet the standard despite a shorter duration."[3] *Id.*

On the other hand, the Court is mindful of the Supreme Court's mandate that the judicial branch accord deference to prison authorities in the running of prisons and jails, particularly when a state prison system is involved. *See Turner v. Safley*, 482 U.S. 78, 85 (1987). "[M]aintaining internal security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Plaintiff alleges the water to his cell was turned off for two days after he was sprayed with pepper spray, and he was not allowed to shower for 24 hours. He states that he used water from the toilet to try to clean his eyes. He further states that he was never seen by medical staff after the spraying. Again, Plaintiff's complaints regarding the use of force, conditions of his confinement after that use of force, and lack of medical care are subject to dismissal for failure to state a claim of cruel and unusual punishment because he fails to include enough facts in his Complaint. The Court cannot find that simply being sprayed with an unknown amount of pepper spray, some of which got in Plaintiff's eyes but may or may not have caused significant harm, and

---

[3]      For example, A "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978). "Courts have repeatedly held that similar and far worse conditions fail to state a claim because of the brief nature of the incarceration." *Barney*, 143 F.3d at 1311 (citing *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994)(deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993)(eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); Harris v. Fleming, 839 F.2d 1232, 1235–36 (7th Cir. 1988)(five day stay in "filthy, roach-infested cell" not unconstitutional); *Ogbolu v. McLemore*, 107 F.3d 21, *2 (10th Cir. 1997)).

not being allowed to shower for 24 hours constitutes a constitutional violation.  Plaintiff needs to provide more facts to support his claim.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the Court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3176-JWL-JPO) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The amended complaint should concisely (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) allege sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **October 14, 2022,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **October 14, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 14, 2022, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**